O
LINK TO DOC 18
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | ED CV 08-0879 PSG (OPx) | Date | March 3, 2009 |
|---|---|---|---|
| Title | Deric Lydell Carpenter-Ryals v. Dana Sledge-Ozoigbu | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(In Chambers) Order Dismissing Case**

Before this Court is Defendants' Motion to Dismiss. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. After considering the moving and opposing papers, the Court hereby GRANTS the Motion and DISMISSES the case.

I.     BACKGROUND

Deric Lydell Carpenter-Ryals ("Plaintiff") and Dana Sledge-Ozoigbu are parties in *Sledge v. Ryals*, a domestic relations case in the Superior Court of California, County of Los Angeles. By their own admission, Defendants the Honorable Rudolf Diaz, a judge of the Superior Court of California ("Judge Diaz") and Reva Goetz, Commissioner of the Superior Court of California, County of Los Angeles ("Commissioner Goetz") presided over that case at different times in the past few years.

On July 2, 2008, Plaintiff filed a Complaint against, inter alia, Judge Diaz and Commissioner Goetz (collectively, "Defendants"). Although unclear from the Complaint, it appears that in the course of *Sledge v. Ryals*, Plaintiff's son was allegedly unlawfully removed from his custody by Defendants. Plaintiff now brings claims for intentional infliction of emotional distress ("IIED"), civil rights violations, abuse of process, and civil conspiracy

O
LINK TO DOC 18
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 08-0879 PSG (OPx) | Date | March 3, 2009 |
|---|---|---|---|
| Title | Deric Lydell Carpenter-Ryals v. Dana Sledge-Ozoigbu | | |

On December 15, 2008, Defendants filed a joint Motion to Dismiss the Complaint. The next day the Court continued that Motion until February 23, 2009. Additionally, the Court advised Plaintiff that if he chose to oppose the Motion, he was required to file his Opposition in accordance with the Federal Rules of Civil Procedure by February 9, 2009. Plaintiff never filed an Opposition.

II.     LEGAL STANDARD

   A.     Federal Rule of Civil Procedure 12(b)(1)

Federal courts are courts of limited jurisdiction and limits upon federal jurisdiction must not be disregarded or evaded. *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 374, 98 S. Ct. 2396, 57 L. Ed. 2d 274 (1978). Accordingly, whomever invokes the Court's jurisdiction has the burden to establish that subject matter jurisdiction is proper. *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the court to assert subject matter jurisdiction over the action. *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S. Ct. 780, 80 L. Ed. 1135 (1936). If the court lacks subject matter jurisdiction, then dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)"). A defense based on the lack of subject matter jurisdiction is never waived, and may be raised by any party at any time. *Attorneys Trust v. Videotape Computer Products, Inc.,* 93 F.3d 593, 594-95 (9th Cir. 1996).

   B.     Federal Rule of Civil Procedure 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)') provides that a party may move to dismiss a cause of action if the plaintiff fails to state a claim upon which relief can be granted. In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules require only that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Nevertheless, even though a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

**O**
**LINK TO DOC 18**
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 08-0879 PSG (OPx) | Date | March 3, 2009 |
|---|---|---|---|
| Title | Deric Lydell Carpenter-Ryals v. Dana Sledge-Ozoigbu | | |

127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007) (internal citations omitted). Rather, the complaint must allege sufficient facts to raise a right to relief above the speculative level. *Id.* (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). However, detailed and "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007).

In deciding a 12(b)(6) motion, a court must accept all factual allegations in the complaint as true. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993). Courts must also construe all reasonable inferences in the light most favorable to the plaintiff. *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003). To further the inquiry, courts may consider documents outside the pleadings without the proceeding turning into summary judgment. *See Branch v. Tunnell,* 14 F.3d 449, 453 (9th Cir. 1994), *reversed on other grounds*. A document, however, may be considered only if it is alleged in the complaint, and its authenticity is not questioned. *See id.*

Where a plaintiff proceeds *pro se*, the Court must liberally construe the complaint. *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe *pro se* pleadings liberally including *pro se* motions as well as complaints."). In fact, the Supreme Court has held that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976) (internal quotation marks and citations omitted).

III.    DISCUSSION

Defendants move to dismiss the Complaint on three different grounds. First, they argue that the Court lacks subject matter jurisdiction. Second, they contend that they enjoy absolute and unqualified judicial immunity. Lastly, they argue that dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

    A.    Local Rule 7-12

As an initial matter the Court notes that dismissal is appropriate under Local Rule 7-12, which provides in relevant part, "The failure to file any required paper, or the failure to file it

**O**
**LINK TO DOC 18**
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 08-0879 PSG (OPx) | Date | March 3, 2009 |
|---|---|---|---|
| Title | Deric Lydell Carpenter-Ryals v. Dana Sledge-Ozoigbu | | |

within the deadline, may be deemed consent to the granting or denial of the motion." However, for the reasons that follow, the Court finds that dismissal is also appropriate under Rule 12(b)(1) and Rule 12(b)(6).

      B.      <u>Whether the Court Has Jurisdiction Over Plaintiff's Claims</u>

The Court first considers whether it has subject matter jurisdiction. Defendants argue that this action is barred by the *Rooker-Feldman* doctrine, which provides that federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts. *Worldwide Church of God v. McNair*, 805 F.2d 888, 890-91 (9th Cir. 1986). As the Supreme Court recently clarified, the doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005). Furthermore, while federal district courts have jurisdiction over a "general constitutional challenge," i.e. one that does not require review of a final state court decision in a particular case, "[w]here the district court must hold that the state court was wrong in order to find in favor of the plaintiff," the court lacks subject matter jurisdiction because the issues presented to both courts are "inextricably intertwined." *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1029 (9th Cir. 2001).

The Court finds that Plaintiff's claims for IIED, abuse of process, and civil rights violations all invite the Court to review, modify, and nullify the final orders of the state court case, *Sledge v. Ryals*. Under California law, to make out a cause of action for IIED a plaintiff must, among other things, demonstrate that the defendant engaged in extreme and outrageous conduct that exceeded the bounds of what is generally tolerated in a civilized society. *See Trerice v. Blue Cross of California*, 209 Cal. App. 3d 878, 883, 257 Cal. Rptr. 338 (1989). In this case, the only way that Plaintiff could prove that Defendants engaged in "extreme and outrageous conduct" is if he shows that Defendants unlawfully deprived him of his son. This would, thus, entail review of the state court's decision to determine whether that decision exceeded the bounds of what is generally tolerated in a civilized society. Likewise, Plaintiff's civil rights claim attacks the state court judgment for no other reason than it was wrongly decided. Thus, like the IIED claim, it would require review of the state court judgment. Lastly, Plaintiff's abuse of process claim rests on allegations that Defendants improperly conducted the

O
LINK TO DOC 18
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 08-0879 PSG (OPx) | Date | March 3, 2009 |
|---|---|---|---|
| Title | Deric Lydell Carpenter-Ryals v. Dana Sledge-Ozoigbu | | |

judicial proceedings. Thus, like the other two claims, resolution of that claim requires review of the state court decision.

In summary, the aforementioned three claims that collaterally attack the state court judgment are barred under the *Rooker-Feldman* doctrine because they "invit[e] district court review and rejection" of the state court judgment. *See Exxon Mobil Corp.*, 544 U.S. at 284.

C.   Whether Plaintiff Has Stated a Conspiracy Claim

Next the Court considers whether to dismiss Plaintiff's last and remaining claim for civil conspiracy under Rule 12(b)(6). It is well-settled that a civil conspiracy does not give rise to a cause of action unless an independent civil wrong has been committed. *See Rusheen v. Cohen*, 37 Cal. 4th 1048, 1062, 39 Cal. Rptr. 3d 516 (2006). In this case, the Court has dismissed Plaintiff's other claims for lack of jurisdiction. This means that no independent civil wrongs remain in this case. Accordingly, as Plaintiff does not assert claims for any independent civil wrongs, he fails to state a claim for civil conspiracy.

IV.   CONCLUSION

Based on the foregoing, the Court GRANTS Defendants' Motion. Additionally, as the reasoning above applies to each of the claims Plaintiff asserts against the remaining defendants in this action, Dana Sledge-Ozoigbu, Steven Chukwudi Zoigbu, Charles O. Agege, Vera Brown-Curtis, and Marcia Halperin, the Court DISMISSES this action for lack of jurisdiction.

**IT IS SO ORDERED.**